**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 20-cv-03254-RM-MEH

FRESENIUS KABI USA, LLC,

    Plaintiff,

v.

CUSTOPHARM, INC.,

    Defendant.

---

## ORDER
---

This patent infringement case is before the Court on the January 26, 2021 Recommendation of United States Magistrate Judge Michael E. Hegarty to transfer this case to the United States District Court for the Western District of Texas. (ECF No. 43.) Plaintiff has filed an Objection to the Recommendation. (ECF No. 44.). For the reasons below, the Court overrules the Objection and accepts the Recommendation, which is incorporated into this Order by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.    LEGAL STANDARDS**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation to which a proper objection is made. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a

magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Where, as here, a defendant challenges venue under Fed. R. Civ. P. 12(b)(3), the plaintiff bears the burden of presenting a prima facie showing of venue. *See Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019). At this stage, the Court accepts the well-pleaded allegations of the complaint as true and resolves all factual disputes in the plaintiff's favor. *See id.* As pertinent here, a patent infringement action against a corporation may be brought in the judicial district where the defendant resides. 28 U.S.C. § 1400(b). For purposes of this statute, a domestic corporation resides *only* in its state of incorporation. *TC Hearland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017) (noting the Supreme Court's rejection of the argument that § 1400(b) incorporates the broader definition of corporate "residence" contained in the general venue statute).

## II.     BACKGROUND

Plaintiff filed this lawsuit contemporaneously with similar lawsuits in district courts in Texas and New Jersey. The Complaint alleges on information and belief that Defendant "is a corporation organized and existing under the laws of the states of Colorado" and "is also incorporated under the laws of the state of Texas." (ECF No. 1 at ¶¶ 3, 4.) Defendant moved to dismiss or transfer the case, arguing that it is a Texas corporation only and stating that "an erroneous listing" with the Colorado Secretary of State's Office has, since the filing of this lawsuit, "been corrected." (ECF No. 15 at 6.) Attached to the motion is an exhibit entitled, "Texas Articles of Incorporation of a Business Corporation," with a June 2005 filing date. (ECF No. 15-1 at 2.) And attached to Plaintiff's response is an exhibit entitled, "Statement of

Conversion Converting a Domestic Entity into a Foreign Entity," with a January 2020 filing date. (ECF No. 23-8 at 3.)  The Court can rely on these documents and the other administrative filings that are attached to the parties' briefs because they are part of the public record and their authenticity is not in dispute.  *See Mata v. Anderson*, 760 F. Supp. 2d 1068, 1101 (D.N.M. 2009).

Defendant's motion was referred to the magistrate judge, who determined that Defendant had filed articles of incorporation with the State of Colorado in July 2017, and thus "the record supports Plaintiff's position that venue exists here."  (ECF No. 43 at 3.)  Nonetheless, the magistrate judge concluded that a broader consideration of venue was warranted under the circumstances.  Noting that Defendant had quickly adjusted its status with the State of Colorado after being served with this lawsuit, thereby bringing its status in line with the fact that it was first incorporated in Texas, the magistrate judge found that Defendant did not reside in Colorado for the purposes of § 1400(b).  Accordingly, the magistrate judge recommended that Defendant's request to transfer the case should be granted.

### III.   ANALYSIS

In its Objection to the Recommendation, Plaintiff acknowledges that Defendant "changed its incorporation papers in Colorado" after this lawsuit was filed but argues that "[j]urisdiction and venue are assessed at the time the complaint is filed."  (ECF No. 23 at 1.)  However, the Court finds that Plaintiff's attempt to show that Defendant resides in Colorado for § 1400(b) purposes falls short under the circumstances.  The Court is not required to accept as true Plaintiff's conclusory and contradictory assertion that Defendant resided in two places at once.  Upon discovering that Defendant appeared to reside in two states, Plaintiff was on notice that something was amiss, and its allegations "on information and belief" are not dispositive here.

Plaintiff could have investigated further or conferred with Defendant. Indeed, the very documents Plaintiff relies on in its response identify Defendant as a "Texas Foreign Corporation." (*See, e.g.*, ECF No. 23-1 at 2; ECF No. 23-2 at 2; ECF No. 23-3 at 2; ECF No. 23-4 at 2; ECF No. 23-5 at 2; ECF No. 23-6 at 2; ECF No. 23-7 at 2; ECF No. 23-8 at 2.) Plaintiff does not object to any other aspect of the magistrate judge's Recommendation, and the Court agrees that transferring the case is appropriate under the circumstances.

## IV.   CONCLUSION

Therefore, the Court OVERRULES Plaintiff's Objection (ECF No. 44), ACCEPTS and ADOPTS the magistrate judge's Recommendation (ECF No. 43), and GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss (ECF No. 15). The Clerk is directed to TRANSFER this case to the United States District Court for the Western District of Texas.

DATED this 19th day of February, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge